# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| JASON RYAN L. LANN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-14-827-R |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Defendant Acting Commissioner (Commissioner) issued a final decision denying Jason Lann's (Plaintiff) application for disability insurance benefits under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). United States District Judge David L. Russell referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the court reverse and remand the Commissioner's decision.

## I. Administrative proceedings.

In his application, Plaintiff alleged that his impairments became disabling in September 2008. AR 177.[1] The Social Security Administration (SSA) denied Plaintiff's claim, and at his request, an ALJ conducted a hearing. *Id.* at 30-67. The Administrative Law Judge subsequently sent Plaintiff for a consultative examination, and conducted a second hearing. *Id.* at 68-84. Then, in her April 2013 decision, the ALJ found that Plaintiff is not disabled. *Id.* at 24. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 1-3, and Plaintiff now seeks review in this Court. Doc. 1.

## II. The ALJ's findings.

Following the well-established five-step inquiry to determine whether a claimant is disabled, the ALJ found that Plaintiff: (1) met the insured status requirements through December 31, 2013; (2) has severe "degenerative disc disease of the cervical spine, history of fractures of the cervical spine, cerebrovascular accident (CVA), headaches, cognitive disorder and adjustment disorder"; (3) can perform light work with numerous limitations; and (4) can perform work existing in significant numbers in the national economy. AR at 17-24; *see* 20 C.F.R. § 404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps).

---

[1]  For the parties' briefs, the undersigned's page citations refer to this Court's CM/ECF pagination. Page citations to the AR refer to that record's original pagination.

### III. Plaintiff's claims.

In intertwining arguments, Plaintiff alleges that the ALJ committed reversible error in discounting his credibility and failing to consider a third-party opinion. Doc. 15, at 23-28. The undersigned agrees, and has therefore elected not to address Plaintiff's remaining claims. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

### IV. Analysis.

#### A. Standard for review.

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Wilson v. Astrue,* 602 F.3d 1136, 1140 (10th Cir. 2010). The ALJ's "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993) (citation omitted).

#### B. The ALJ's flawed credibility assessment.

Because the ALJ found that Plaintiff has impairments that can reasonably be expected to produce pain or other symptoms, she had to give

consideration to Plaintiff's subjective complaints. *See* 20 C.F.R. § 404.1529(c); *see also* SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996). The ALJ was required to consider the objective medical evidence. 20 C.F.R. § 404.1529(c)(2). However, the regulation directs that the SSA: "[W]ill not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." *Id.* Importantly, because an ALJ cannot discredit credibility based on a lack of medical evidence alone, she must consider opinions "other persons provide about [a claimant's] pain or other symptoms . . . ." *Id.* § 404.1529(c)(3). The regulations direct that these opinions are "an important indicator" in assessing credibility. *Id.* The undersigned finds that the ALJ's credibility assessment is flawed under these guidelines.

The ALJ discussed Plaintiff's testimony and the medical evidence, AR 19-21, and then concluded:

> [Plaintiff] states he has daily headaches and severe neck pain, however; the medical documentation does not support his allegations as to severity. It is documented that he has mild degenerative disc disease of the cervical spine, however; he has not had surgery as might be expected if his pain were as severe as he alleges.

*Id.* at 21.[2]

The error is threefold. First, the ALJ discounted Plaintiff's credibility in part because he had not had surgery "as would be expected if his pan were as severe as he alleges." *Id.* However, she *twice* noted that Dr. Hendricks had opined that Plaintiff "was not a surgical candidate" and that "surgery would not be an option." *Id.* So, Plaintiff's lack of surgery is not substantial evidence to support the ALJ's credibility finding. *See, e.g., Hinton v. Massanari*, 13 F. App'x 819, 820-21 (10th Cir. 2001) (finding a lack of substantial evidence and reversing in part on grounds that the ALJ discounted plaintiff's credibility because she "had undergone no surgical procedures" but "the physicians stated either that they did not recommend surgery or that satisfactory results were uncertain").

Second, the ALJ's only other stated reason for discounting Plaintiff's credibility was that "the medical documentation does not support his allegations as to severity." AR 21. She did not cite discrepancies in Plaintiff's testimony or suggest that his activities of daily living contradicted his allegations of severe pain; instead, the ALJ relied only on a lack of objective medical evidence. This is reversible error. *See Hardman v.*

---

[2] The ALJ also stated that there "were no corresponding neurological abnormalities that would support [Plaintiff's] allegations of severe loss of functioning in his hands." AR 21. Nevertheless, she included in his residual functional capacity "no more than frequent handling and fingering, due to his allegations of loss of function of his hands . . . ." *Id.* at 22.

5

*Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) ("Given that substantial evidence does not support the ALJ's other explanations for rejecting claimant's testimony, the ALJ's credibility analysis now rests entirely on his determination that there is a lack of objective medical tests evidencing pain to the degree asserted by claimant. This basis alone is insufficient."); *see also Luna v. Bowen*, 834 F.2d 161, 164-65 (10th Cir. 1987) ("[T]he absence of an objective medical basis for the degree of severity of pain may affect the weight to be given to the claimant's subjective allegations of pain, but a lack of objective corroboration of the pain's severity cannot justify disregarding those allegations.").

Third, the ALJ compounded the error because she failed to consider Plaintiff's mother's opinion regarding his limitations. One "important factor" in assessing credibility is other people's opinion regarding the claimant's pain or symptoms. An ALJ must evaluate *all* the evidence, including statements "others make about [a claimant's] impairment(s), . . . daily activities, . . . [and] efforts to work . . . ." 28 C.F.R. § 404.1512(b)(1)(iii). The ALJ may consider: (1) the nature and extent of the relationship; (2) whether the evidence is consistent with other evidence; and (3) any other factors that tend to support or refute the evidence. *See* SSR 06-03p, 2006 WL 2329939 at *6 (August 9, 2006).

6

Plaintiff's mother submitted a function report detailing Plaintiff's daily activities and limitations. AR 216-23. The ALJ did not discuss this evidence, or acknowledge its existence. When combined with the ALJ improperly relying solely on the lack of objective medical evidence to discredit Plaintiff, the undersigned finds reversible error.[3] *See Blea v. Barnhart*, 466 F.3d 903, 915 (10th Cir. 2006); *see also Wright v. Colvin*, Case No. CIV-13-200-F, 2014 WL 4231058, at *10 (W.D. Okla. Aug. 26, 2014) (unpublished order) ("The ALJ also erred in not considering the third-party witness statement . . . . [In fact], the ALJ did not mention [the third-party] testimony at all.").

## V. Recommendation and notice of right to object.

The ALJ erred in her credibility assessment and the undersigned recommends that the court reverse and remand the Commissioner's decision on that basis.

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by July 9, 2015 under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both

---

[3] The Commissioner argues that the ALJ's failure to discuss this evidence was harmless because it simply mirrored Plaintiff's allegations and the ALJ "thoroughly evaluated and weighed" Plaintiff's testimony. Doc. 18, at 12-13. But as documented above, the ALJ erred in assessing Plaintiff's personal credibility.

7

factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 19th day of June, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE