# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON RYAN L. LANN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner, Social Security )<br>Administration, )<br>)<br>Defendant. ) | Case No. CIV-14-827-R |

## REPORT AND RECOMMENDATION

Defendant Acting Commissioner issued a final decision denying Plaintiff's application for disability insurance benefits under the Social Security Act, and Plaintiff sought judicial review under 42 U.S.C. § 405(g). Doc. 1. United States District Judge David L. Russell referred the matter for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed. R. Civ. P. 72(b), and the undersigned Magistrate Judge recommended the court reverse and remand Defendant's decision. Doc. 20. The court adopted the recommendation, Doc. 21, and ordered Plaintiff's case remanded to the Social Security Administration. Doc. 22. On Plaintiff's motion, Doc. 24, the undersigned recommends the court award Plaintiff $6,264.20 in attorney's fees and costs.

I.   **Analysis.**

The Equal Access to Justice Act (EAJA) entitles a prevailing party to recover reasonable attorney's fees from the government "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Invoking the EAJA, Plaintiff seeks $6,753.40 in attorney's fees. Doc. 24. Defendant does not object to Plaintiff's request "on substantial justification grounds" but argues that Plaintiff seeks reimbursement for some non-compensable clerical tasks and asks the court to enter an award of $5,886.20. Doc. 25. The undersigned agrees with Defendant in part.

A.   **Defendant's objection.**

Defendant objects to Plaintiff's request for attorney fees for: (1) preparing the Petition for Judicial Review of Administrative Decision, Affidavit of Financial Status, Motion to Proceed In Forma Pauperis, Order, summons and cover sheet; (2) reviewing the Order referring the case to the undersigned; (3) reviewing the Scheduling Order; (4) verifying valid service of summons and executing and filing the Return of Service; (5) reviewing the Order granting Plaintiff's motion for extension of time; (6) preparing a table of contents, cases and authorities; (7) reviewing the undersigned's Report and Recommendation; (8) reviewing the Order Adopting the Report and

Recommendation; and (9) reviewing the Judgment. *Id.* at 4; *see also* Doc. 24, Ex. 1, at 1-3.

The undersigned agrees preparing a summons and cover sheet and verifying service and executing a return of service is clerical work. *See Wright v. Astrue*, No. CIV-10-170-FHS-KEW, 2011 WL 5441013, at *1 (E.D. Okla. Nov. 9, 2011) (unpublished order) (agreeing with the Commissioner that "preparation of summons and the civil cover sheet" "are clerical" "and not properly included in the attorney's fee award"); *Easter v. Colvin*, No. 12-5107, 2013 WL 5913795, at *3 (W.D. Ark. Oct. 31, 2013) (unpublished order) (granting attorney's fees under the EAJA but deducting time the attorney spent verifying valid service and executing a return of service because such work "could have been performed by support staff"). The preparation of a table of contents and table of cases and authorities is also clerical. *See Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (agreeing with the Commissioner that "preparing the table of contents" was clerical work); *see also, e.g., Red v. Shinseki*, No. 10-2513 E, 2012 WL 5193695, at *2 (Vet. App. Oct. 22, 2012) (unpublished order) (discussing attorney fees under the EAJA and holding "Ms. Red's counsel billed the following clerical tasks in error: drafting the table of contents, the cover page, and the table of cases and authorities for the principal brief . . ."). So, the undersigned recommends the court reduce Plaintiff's requested reimbursement for work on August 5,

2014, from 0.60 to 0.50 to exclude the time he spent preparing the summons and cover sheet.[1]  The undersigned likewise recommends the court decline to reimburse Plaintiff for his 0.10 hour spent verifying service and executing a return of service on November 26, 2014, and his 2.4 hours spent creating the table of contents and related authorities on January 13, 2015.

Conversely, the undersigned finds attorneys traditionally review and prepare petitions, orders, and motions.  So, the court should compensate Plaintiff's attorney accordingly for his remaining work.

## II. Recommendation and notice of right to object.

The undersigned recommends the court grant Plaintiff's motion for attorney's fees, Doc. 24, but with the reductions discussed above, the proper amount should be set at $6,264.20.[2]  The court should instruct Defendant this amount shall be payable to Plaintiff, with payment issued by check to the order of Plaintiff in care of Plaintiff's attorney and with the check mailed directly to Plaintiff's attorney.  The court should instruct Plaintiff's counsel if

---

[1] Plaintiff included these tasks in a "block billing" line, Doc. 24, Ex. 1, at 1, meaning he created "a single time entry reflecting the performance of numerous tasks." *San Luis Valley Ecosystem Counsel v. U.S. Forest Serv.*, No. 04-CV-01071-MSK, 2009 WL 792257, at *7 (D. Colo. Mar. 23, 2009) (unpublished order).  "Where block billing prevents the [c]ourt from identifying the reasonable time spent on a compensable task, the [c]ourt may elect to instead engage in a general, proportionate reduction of total hours claimed to ensure that noncompensable time is excluded." *Id.*

[2] This total includes 1.9 hours @ $190.00 per hour ($361.00) for work performed in 2014, plus 31.4 hours @ $188.00 per hour ($5,903.20) for work performed in 2015.

4

he ultimately receives attorney fees under 42 U.S.C. § 406(b), he shall refund to Plaintiff any excess payment so as to avoid double payment for the same work. *See Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

The undersigned advises the parties of their right to file an objection to the report and recommendation with the Clerk of this Court by November 24, 2015 under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 10th day of November, 2015.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE